**UNITED STATES OF AMERICA,**

v.

**LIONEL WOODLEY,**

      **Defendant.**

_____

1:20-cr-00004

TO:    Alphonso G. Andrews, Jr., Esq., AUSA
          Michael A. Rogers, Esq., AFPD
          Melanie L. Turnbull, Esq., AFPD
          Paul L. Gimenez, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon the "Superior Court Probation Office's Motion To Quash Subpoena" (ECF No. 8). Both Defendant and the United States of America filed responses to the motion on March 5, 2020. (ECF Nos. 15, 16). The Superior Court replied on March 9, 2020. (ECF No. 19).

On February 26, 2020, Defendant served a subpoena ("Subpoena") upon the Virgin Islands Superior Court Probation Office ("Probation Office"). (ECF No. 9-1). The Subpoena commanded the Probation Office to testify at Defendant's detention hearing scheduled for February 28, 2020 in *this* Court. At that hearing, Defendant informed this Court that the documents at issue in the subpoena were relevant to his opposition to detention. This Court then issued an order detaining Defendant pending trial. (ECF No. 11).

In its motion, the Superior Court seeks to quash the Subpoena, arguing that it was defective on its face. (*See generally* ECF Nos. 8, 9). Specifically, the Superior Court argues, among other things, that the Subpoena was improperly issued because it was 1) not directed

towards an individual; 2) the attendance fee or mileage allowance was not specified; 3) the Subpoena was issued after Defendant's counsel had already unsuccessfully attempted to obtain copies of the probation records and was told they could not be released without a court order; 4) the Subpoena was delivered on less than 48-hours notice, which, the Superior Court argues, amounts to an unreasonable amount of time; and 5) the Subpoena is oppressive because the records sought are too voluminous (Mem. in Support of Mot., ECF No. 9 at 1-8). The United States joins in the motion (ECF No. 16), and Defendant opposes. (ECF No. 15, "Def.'s Opp'n."). Defendant opposes specifically on the grounds that the Federal Rules of Criminal Procedure do not require that an "individual" be named in a subpoena, but only that a "witness" be named. (Def.'s Opp'n. at 3-4). To that end, Defendant argues that the Probation Office could have designated a representative witness at the detention hearing. *Id.* at 4. Defendant also argues that the Subpoena can function as a "court order," which would allow Defendant to gain access to the records sought. *Id.* at 5. Additionally, Defendant contends that Defendant's counsel "saw the file and it appeared to contain only a few pages."

The Subpoena, dated February 26, 2020, states as follows:

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

**To:** Superior Court Probation Office – St. Croix

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

**Place of Appearance:** District Court of the Virgin Islands
3013 Estate Golden Rock, St. Croix, USVI

**Courtroom No.:** 1

**Date and Time:** 02/28/2020 9:00 a.m.

You must also bring with you the following documents, electronically stored information, or objects (blank if not applicable):

1) Sign-in sheets related to SX-19-CR-57 involving Lionel Woodey
2) Status reports related to SX-19-CR-57 involving Lionel Woodley
3) Any violations of supervision or pre-trial release in SX-19-CR-57 involving Lionel Woodley

**Appearance in court is not necessary if documents are provided to attorney Rogers prior to 4:30 pm on February 27, 2020**

(ECF No. 9-1).

Federal Rule of Criminal Procedure Rule 17 ("Rule 17") governs the issuance of subpoenas in criminal proceedings. Rule 17(a) describes the process for obtaining subpoenas returnable at trial. Specifically, Rule 17(a) states as follows:

> A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served.

Fed. R. Crim. P. 17(a).

Here, the Subpoena is defective because it is not directed not to an individual witness, but rather to "Superior Court Probation Office – St. Croix." This Court has addressed this issue once before and concluded that the term "witness" in Rule 17(a) refers to an individual:

> Federal Rule[] of Criminal Procedure Rule 17, which governs subpoenas in criminal matters, requires that the subpoena "command *the witness* . . . ." Fed. R. Crim. P. 17(a) (emphasis added). Subparagraph (c)(1) also contains the

> language "[a] subpoena may order *the witness*" and the "court may direct *the witness*." Fed. R. Crim. P. 17(c)(1) (emphasis added). By the plain meaning of the word, a witness is an individual person and not an entire agency or office. According to the copy of the subpoena at issue the subpoena is addressed to: Office of Probation, Superior Court of the Virgin Islands. As noted in the Objection, the "Office of Probation does not possess independent legal existence and is not a person." Objection at 1. Consequently, the subpoena is invalid on its face.

*In re: Superior Court of the V.I. Office of Probation*, 1:16-mc-00038, ECF No. 3 at *2 (D.V.I. Dec. 9, 2016).

Based upon the foregoing, the Court finds that the Subpoena was invalid. Therefore, the Subpoena must be quashed.

Accordingly, it is now hereby **ORDERED**:

1. The "Superior Court Probation Office's Motion To Quash Subpoena" (ECF No. 8) is **GRANTED**.

2. The Subpoena issued to "Superior Court Probation Office – St. Croix" is **QUASHED**.

ENTER:

Dated: March 10, 2020
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE